Graham B. LippSmith, SBN 221984
glippsmith@klwtlaw.com
Celene Chan Andrews, SBN 260267
candrews@klwtlaw.com
**KASDAN LIPPSMITH WEBER TURNER LLP**
360 East 2nd Street, Suite 300
Los Angeles, California 90012
Tel: 213-254-4800, Fax: 213-254-4801

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KEVIN NGAI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FAIRLIFE, LLC, a Delaware limited liability company; THE COCA-COLA COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-08148<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **INTENTIONAL MISREPRESENTATION**<br>2. **NEGLIGENT MISREPRESENTATION**<br>3. **FALSE OR MISLEADING ADVERTISING (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)**<br>4. **VIOLATION OF CAL. BUS & PROF. CODE § 17200, *ET SEQ.*** <br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

# CLASS ACTION COMPLAINT

Plaintiff Kevin Ngai, individually and on behalf of all other similarly situated, hereby brings this Class Action Complaint ("Complaint") as follows upon information and belief:

## THE PARTIES

1. Plaintiff Kevin Ngai is a resident of the City of Inglewood, California.

2. Defendant Fairlife, LLC is a Delaware limited liability company with its principal place of business located in Chicago, Illinois. Fairlife, LLC manufactures, advertises, and sells the subject dairy products throughout the United States.

3. Defendant The Coca-Cola Company is a Delaware corporation with its principal place of business located in Atlanta, Georgia. The Coca-Cola Company advertises and distributes the subject dairy products throughout the United States. Plaintiff collectively refers to Fairlife, LLC and The Coca-Cola Company as "Fairlife" or "Defendants" hereinafter.

4. Defendants Does 1 through 10, inclusive, are, and at all times mentioned herein were, individuals and/or business entities, acting as agents, servants, employees, employers, representatives, co-venturers, associates, or independent contractors of the named Defendants and/or were, in some manner presently unknown to Plaintiff, engaged in activities giving rise to Plaintiff's claims alleged herein.

5. The true names and capacities, whether individual, partnership, or corporate, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.

6. Each of Does 1 through 10 is, in some way, legally responsible for the damages herein alleged. Plaintiff will seek leave of Court to amend this Complaint to allege the true name and capacity of each such defendant when the same has been ascertained.

7. Each of the Defendants was the agent, joint venturer or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting in the course and scope of said agency, employment or joint venture with advance knowledge of, acquiescence in or subsequent ratification of the acts of each and every other remaining defendant. Each of Defendants is responsible, legally, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged, either through co-Defendants' conduct or through the authorized and/or ratified conduct of its agents, servants or employees or in some other manner.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this class action under 28 U.S.C. section 1332 because this is a class action, there is minimal diversity, and the amount in controversy exceeds $5 million, exclusive of interest

1 and costs.

2     9.     The Court has personal jurisdiction over Defendants The Coca-Cola Company and Fairlife, LLC because they market, distribute, and sell the Products throughout the United States, including in this District, and the conduct complained of occurred in or was targeted at this District.

    10.     Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. section 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims and causes of action occurred in this judicial district.

## FACTUAL ALLEGATIONS

    11.     Fairlife, LLC is the manufacturer, advertiser, and seller of Fairlife brand "ultrafiltered" milk products ("Fairlife Milk Products").

    12.     The Coca-Cola Company also markets and sells Fairlife Milk Products.

    13.     The packaging of Fairlife Milk Products feature various representations that lead reasonable consumers to believe that the cows from which Fairlife Milk Products are sourced are treated in a humane and ethical way. Unfortunately, nothing could be further from the truth.

    14.     Fairlife Milk Products feature the following, prominently displayed text (emphasis in underline):

COMPLAINT

LEARN OUR STORY

fairlife.com

*<u>Our promise</u>*

The idea for this one-of-a-kind milk began at our kitchen table over 20 years ago. It was an ambition to provide the world with better nutrition <u>while making the world a better place.</u> Our Fairlife family farmers provide high quality, real milk, filtered for wholesome nutrition <u>with exceptional care taken every step of the way</u>.

- **<u>Extraordinary care and comfort for our cows</u>**
- **<u>Exceptional quality milk standards</u>**
- **<u>Traceability back to our farms</u>**
- **<u>Continual pursuit of sustainable farming</u>**

We'd love to have you visit our flagship farm in Indiana <u>so you can see for yourself</u>!

15. Fairlife's language on its products expressly and unambiguously represents that Fairlife provides its cows with "extraordinary care and comfort." The message reinforces the idea that Fairlife is an ethical and humane company, touting Fairlife's ambition to make the world "a better place," the "exceptional care" with which Fairlife purportedly manufactures its products, and its "continual pursuit of sustainable farming." Fairlife's message is headed by the words "our promise" in large, bolded, and italicized letters. Beneath these words appear the

signatures of Fairlife's co-founders.  Fairlife even invites consumers to verify its representations by visiting its "flagship farm in Indiana" so they can "see" for themselves, and by visiting Fairlife's website which contains additional representations of the company's purportedly humane treatment of its animals.  The message is clear:  With each bottle, Fairlife promises consumers that their cows were not just treated well, but were provided "*extraordinary* care and *comfort*."

16. Fairlife's image as a humane actor is illustrated by the graphical design of its packaging.  Consumers are greeted by the friendly, stylized face of a cow on every bottle of Fairlife Milk Product, directly beneath Fairlife's name.  The cartoon cow is wearing sunglasses or a monocle.  The implication of this anthropomorphized image beneath the words "fair" and "life" is obvious—the life being treated fairly (or at least not cruelly) is that of the cow.

17. Unfortunately, Fairlife's representations are false.  The reality is that Fairlife horribly mistreated its cows and calves.  The widely-reported[1] details of this abuse—beatings, stabbings, maiming, force-feeding, lethal neglect in cramped and filthy enclosures[2]—are graphic and disturbing, as are the undercover videos

---

[1] *See*, *e.g.*, *An arrest has been made in the Fair Oaks Farms animal cruelty case*, CNN, June 12, 2019, https://www.cnn.com/2019/06/12/us/fair-oaks-farms-animal-cruelty-case-arrest-trnd/index.html (last visited Sept. 19, 2019).

[2] ARM's full report of the animal abuse at Fair Oaks Farms can be found at https://animalrecoverymission.org/reports/Operation-Fairlife-Full-Report.pdf (last visited Sept. 19, 2019).

1  taken from Fairlife's "flagship" Fair Oaks Farms by the Animal Recovery Mission

2  ("ARM") that brought the story to light in June 2019.

3      18.      Plaintiff Kevin Ngai and his family began purchasing Fairlife Milk

4  Products in May 2018.  Since then, until learning of the abuse, Plaintiff purchased

5  one bottle of Fairlife ultra-filtered whole milk and one bottle of Fairlife ultra-

6  filtered Chocolate 2% Reduced Fat milk in the 1.5-liter size approximately once or

7  twice a month from a Target store in Manhattan Beach, California.

8      19.      Plaintiff read and relied upon the "our promise message" on the

9  Fairlife bottles, and observed the visual design elements thereon, including the

10 stylized cow and Fairlife's name, prior to purchasing the Fairlife Milk Products

11 and understood these representations to mean that Fairlife treats its cows

12 humanely, ethically, and without cruelty.

13     20.      Plaintiff's belief that Fairlife was a humane actor, borne of Fairlife's

14 packaging representations, was both reasonable and a material factor in Plaintiff's

15 decision to purchase Fairlife Milk Products at a significant mark-up compared to

16 other alternative products.  Plaintiff would not have purchased and consumed

17 Fairlife Milk Products if he had known Fairlife's representations were false.

18 Plaintiff's payment of the Fairlife Milk Products was at a premium since the

19 Products were not worth their advertised prices because the statements were false

20 and misleading.

21

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of the following Class and Subclass (collectively referred to as the "Class" unless otherwise specified):

### Nationwide Class

All persons who purchased Fairlife Milk Products within the United States and within the applicable statute of limitations period.

### California Subclass

All persons who purchased the Fairlife Milk Products within the State of California and within the applicable statute of limitations period.

22. **Exclusions from the Class.** Plaintiff specifically excludes from the Class all defendants, defendants' subsidiaries or affiliates, entities in which any defendant has a controlling interest, and any and all of defendants' employees, affiliates, legal representatives, successors or assignees. Plaintiff also excludes from the Class any judicial officers assigned to this case and their immediate family members.

23. **Ascertainability.** Plaintiff brings this action on behalf of himself and on behalf the Class, which is comprised of members identified by the class definition.

24. **Numerosity.** The members of the Class are so numerous that their individual joinder of all Class Members is impracticable. Disposition of their

claims in a class action rather than in individual actions would benefit the parties and the Courts.  Defendants have sold many thousands of units of the Products to Class Members.

25. **Means for Identification.** Reasonably available means of identifying Class Members exist.

26. **Commonality.**  There is a well-defined community of interest amongst the members of the Class in the questions of law.  Questions of fact and law predominate and include but are not limited to the following:

- Whether Defendants made representations regarding their humane treatment of their cows;
- Whether Defendants' representations of humane treatment were false;
- Whether Defendants intended to deceive Plaintiff and Class Members, showed reckless disregard for the truth of its representations, or was negligent as to their truth;
- Whether Plaintiff and Class Members relied on Defendants' representations in choosing to buy Fairlife Milk Products; and
- Whether Defendants engaged in unfair, unlawful, fraudulent, and/or deceptive practices by making affirmative misrepresentations regarding the care of its animals.

27. **Typicality.** The named Plaintiff's claims are typical of those of the Class.

28. **Adequacy of Class Representatives.** The named Plaintiff can fairly and adequately represent the Class because he is a Class Member, has claims that are typical of the Class, and there is no reason why he cannot adequately represent the Class.

29. **Adequacy of Counsel.** Counsel for Plaintiff are competent, qualified, and experienced in large class actions, multiparty complex cases and consumer protection cases, and there is no reason why they cannot adequately represent the Class.

30. **Impracticability of joinder.** Joinder of the unnamed Class Members on an individual basis would be impracticable in light of their number and their locations throughout the United States and the State of California.

31. **No Better Remedy.** There is no plain, speedy, or adequate remedy other than by maintenance of this Class since the damage to each victim is relatively small, making it economically infeasible to pursue lawful remedies other than by a class action. The Class would be superior to individualized actions for the fair and efficient adjudication of this controversy.

32. **No Individualized Defenses.** There are no predominately unique or individualized defenses anticipated in this action that might be asserted against Plaintiff individually, as distinguished from the Class.

## FIRST CAUSE OF ACTION

### Intentional Misrepresentation

### (On behalf of the Nationwide Class)

33. Plaintiff and the Class re-allege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

34. Defendants represented to Plaintiff and Class Members that Defendants treated their cows humanely.

35. Defendants' representations of humane treatment were false because their employees subjected their cows to deplorable conditions and physical abuse

36. Defendants made the representations recklessly and without regard for their truth because they did not have sufficient policies or practices in place, including but not limited to effective monitoring or supervising of their animal-facing employees, to ensure that their representations of humane treatment of their cows were true.

37. Defendants intended that consumers, including Plaintiff and Class Members, rely on their advertising representations in order to sell their Fairlife Milk Products.

38. Plaintiff and Class Members reasonably relied on Defendants' representations when deciding to buy Fairlife Milk Products over other milk products.

39. Plaintiff and Class Members were harmed by Defendants' misrepresentations because they would not have purchased Fairlife Milk Products had they known that Defendants' representations of humane treatment were false.

40. Plaintiff and Class Members' reliance on Defendants' representations was a substantial factor in causing their harm because they would not have purchased Fairlife Milk Products had they known known that Defendants' representations of humane treatment were false.

41. As a result of Defendants' misrepresentations, Plaintiff and Class Members have suffered damages in an amount precisely unknown, but believed to be within the jurisdiction of this court, including but not limited to reasonable attorney's fees, expenses, costs, and punitive damages.

42. Plaintiff and Class Members claim the aforementioned damages together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation

### (On behalf of the Nationwide Class)

43. Plaintiff and the Class re-allege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

44. Defendants represented to Plaintiff and Class Members that Defendants treated their cows humanely.

45. Defendants' representations of humane treatment were false because their employees subjected their cows to deplorable conditions and physical abuse, among other acts.

46. Defendants had no reasonable grounds for believing the representations were true because they did not have sufficient policies or practices in place, including but not limited to effective monitoring or supervising of their animal-facing employees, to ensure that their representations of humane treatment of their cows were true.

47. Defendants intended that consumers, including Plaintiff and Class Members, rely on their advertising representations in order to sell their Fairlife Milk Products.

48. Plaintiff and Class Members reasonably relied on Defendants' representations when deciding to buy Fairlife Milk Products over other products.

49. Plaintiff and Class Members were harmed by Defendants' misrepresentations because they would not have purchased Fairlife Milk Products had they known that Defendants' representations of humane treatment were false.

50. Plaintiff and Class Members' reliance on Defendants' representations was a substantial factor in causing their harm because they would not have purchased Fairlife Milk Products had they known known that Defendants' representations of humane treatment were false.

51. As a result of Defendants' misrepresentations, Plaintiff and Class Members have suffered damages in an amount precisely unknown, but believed to be within the jurisdiction of this court, including but not limited to reasonable attorney's fees, expenses, costs, and punitive damages.

52. Plaintiff and Class Members claim the aforementioned damages together with prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION

**False or Misleading Advertising, Cal. Bus. & Prof. Code §§ 17500,** *et seq*

**(On behalf of the California Class)**

53. Plaintiff and the Class re-allege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

54. Fairlife Milk Product packaging features advertising representations that Defendants treated their cows humanely.

55. The purpose of the advertisements was to induce any person who read or saw the advertisements to purchase Fairlife Milk Products.

56. Defendants knew or should have known by the exercise of reasonable care that their advertising representations were untrue, misleading, and made to deceive consumers, like Plaintiff and Class Members, because they did not have sufficient policies or practices in place, including but not limited to effective monitoring or supervising of their animal-facing employees, to ensure that their

representations of humane treatment of their cows were true.

57. Plaintiff and Class Members reasonably believed and relied on Defendants' advertising representations when deciding to buy Fairlife Milk Products over other products.

58. Defendants' advertising representations of humane treatment were false and misleading because Defendants knew or should have known by the exercise of reasonable diligence that their employees subjected their cows to deplorable conditions and physical abuse.

59. As a direct result of Defendants' misrepresentations and Plaintiff and Class Members' reliance thereupon, Plaintiff and Class Members have suffered damages in an amount precisely unknown, but believed to be within the jurisdiction of this court including but not limited to reasonable attorney's fees, expenses, costs, and punitive damages.

60. Plaintiff and Class Members claim the aforementioned damages together with prejudgment and post-judgment interest.

## FOURTH CAUSE OF ACTION

**Violation of Cal. Bus & Prof. Code § 17200,** *et seq.*

**(On behalf of the California Class)**

61. Plaintiff and the Class re-allege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

62. The California Unlawful Competition Law ("UCL") defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Pro. Code § 17200.

63. A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

64. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

65. A business act or practice "unlawful" under the UCL if it is violative of other law.

66. Defendants violated the unfair, fraudulent, and unlawful prongs of the UCL through their affirmative misrepresentations, omissions, and practices as described in this Complaint.

67. The gravity of the harm to Plaintiff and Class Members resulting from these unfair business acts and practices outweighed any conceivable reasons, justifications and/or motives of Defendant for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Defendant engaged in unfair business practices within the meaning of California Business & Professions Code § 17200, *et seq*.

68.     Through its unfair business acts and practices, Defendants have improperly obtained money from Plaintiff and Class Members.  As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future.  Otherwise, Plaintiff and Class Members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

69.     As a direct result of Defendants' misrepresentations and Plaintiff and Class Member's reliance thereupon, Plaintiff and Class Members have suffered damages in an amount precisely unknown, but believed to be within the jurisdiction of this court including but not limited to reasonable attorney's fees, expenses, costs, and punitive damages.

70.     Plaintiff and Class Members claim the aforementioned damages together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following and prays for judgment as follows:

1. For special damages according to proof;
2. For restitution in amounts according to proof;
3. For costs and expenses incurred herein;
4. For attorneys' fees;

5. For punitive damages;

6. For prejudgment and post-judgment interest; and

7. Such other and further relief as proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a jury trial for all issues so triable.

Dated: September 19, 2019 KASDAN LIPPSMITH WEBER TURNER LLP

By: */s/ Graham B. LippSmith*
GRAHAM B. LIPPSMITH
CELENE CHAN ANDREWS

*Attorneys for Plaintiff*